# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 17-7100 PA (Ex) | Date | September 28, 2017 |
|---|---|---|---|
| Title | In re Application of Hulley Enterprises Ltd., et al. | | |

Present: The Honorable **PERCY ANDERSON, UNITED STATES DISTRICT JUDGE**

| Kamilla Sali-Suleyman | None | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs: None     Attorneys Present for Defendants: None

**Proceedings:**   IN CHAMBERS—ORDER TO SHOW CAUSE

    Before the Court is a Motion for Review of Magistrate Judge's Ruling (Docket No. 15) filed by petitioners Hulley Enterprises Ltd., Yukos Universal Ltd., and Veteran Petroleum Ltd. (collectively "Petitioners").

    Petitioners commenced this action on June 19, 2017, by filing an Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding (the "Application"). According to the Application, Petitioners seek to depose and obtain documents from Edward Mouradian, who resides in the Central District, for use in connection with <u>Veteran Petroleum Limited, Yukos Universal Limited, Hulley Enterprises Limited v. The Russian Federation</u>, Case No. 200.197.079/01, an ongoing litigation pending in the Court of Appeal of The Hague (the "Dutch Appellate Proceeding"). Petitioners' Application sought the issuance of a Subpoena to Testify at a Deposition and a Subpoena to Produce Documents, Information, or Objects using the Central District's Federal Rule of Civil Procedure 45 subpoena forms. When filing their Application, Petitioners also applied to proceed ex parte without notice to Mr. Mouradian because they feared that he might attempt to evade service of the subpoenas. There is no Proof of Service indicating that Petitioners served or otherwise attempted to notify the opposing party in the Dutch Appellate Proceeding that Petitioners were attempting to issue subpoenas and obtain discovery to use in that proceeding, and Petitioners did not request that they be relieved of any obligation to notify the opposing party of this action. On June 22, 2017, the Magistrate Judge assigned to this action granted Petitioners' Application and authorized the issuance of the Rule 45 subpoenas directed to Mr. Mouradian.

    After several unsuccessful attempts to personally serve Mr. Mouradian with the subpoenas, Petitioners filed a Motion to Serve Subpoenas by Alternative Means, detailing their efforts to personally serve Mr. Mouradian, his apparent efforts to evade service, and seeking permission to serve him by certified mail, overnight courier, or by leaving the subpoenas with Mr. Mouradian's son, who is over 18 years old and lives at Mr. Mouradian's residence. Like Petitioners' earlier filings, the Motion to Serve Subpoenas by Alternative Means was not accompanied by a Proof of Service showing that it was served on the opposing party in the Dutch Appellate Proceeding. Nor did the Motion to Serve Subpoenas by Alternative Means include any indication that Petitioners had conducted the pre-filing conference of counsel required by Local Rule 7-3 with opposing counsel in the Dutch Appellate Proceeding. The Magistrate Judge denied the Motion to Serve Subpoenas by Alternative Means on September 13, 2017, after concluding that Petitioners were seeking an impermissible advisory opinion on the requirements for service of the Rule 45 subpoenas, and because Rule 45 requires personal rather than alternative service.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| Case No. | CV 17-7100 PA (Ex) | Date | September 28, 2017 |
|---|---|---|---|
| Title | In re Application of Hulley Enterprises Ltd., et al. | | |

Petitioners then filed a Motion for Review of the Magistrate Judge's Ruling on September 26, 2017, and the matter was assigned to this Court. Petitioners contend that the Magistrate Judge's analysis of the service requirements of Rule 45 is erroneous. Petitioners' Motion for Review did not include a hearing date as required by Local Rules 6-1 and 7-4, and did not include a Proof of Service as required by Federal Rule of Civil Procedure 5 and Local Rule 5-3. As a result of these deficiencies, the Court ordered the Motion stricken. Petitioners re-filed the Motion for Review of the Magistrate Judge's Ruling on September 27, 2017. The re-filed Motion is accompanied by a Proof of Service indicating that Petitioners have mailed a copy of the Motion to Mr. Mouradian. There has still apparently not been any effort to notify the opposing party in the Dutch Appellate Proceeding of this action or the pending Motion. Nor have Petitioners included in the pending Motion the statement required by Local Rule 7-3 that they have met and conferred with the opposing party to discuss the contents of the Motion prior to filing it.

Ordinarily, when a party engages in discovery under the Federal Rules, including discovery directed at third parties, the propounding party must provide notice of the discovery requests to the opposing party involved in the pending litigation:

> Notice to Other Parties Before Service. If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.

Fed. R. Civ. P. 45(a)(4); see also Fed. R. Civ. P. 30(b)(1) ("A party who wants to depose a person by oral questions must give reasonable written notice to every other party."). While the Court recognizes that the procedures involved in discovery initiated pursuant to 28 U.S.C. § 1782 may present unique issues, by seeking the issuance of Rule 45 subpoenas and requesting review of the Magistrate Judge's analysis of Rule 45 service requirements, Petitioners appear to be seeking the benefits of the Federal Rules of Civil Procedure without notifying the opposing party of their discovery efforts as required by those same rules.

The Court therefore orders Petitioners to show cause in writing why the pending Motion for Review of the Magistrate Judge's Ruling should not be stricken for failing to meet and confer with opposing counsel in the Dutch Appellate Proceeding as required by Local Rule 7-3, and for failing to serve the opposing party with the pending Motion as required by Federal Rule of Civil Procedure 5 and Local Rule 5-3. The Court also orders Petitioners to show cause why the Motion for Review of the Magistrate Judge's Ruling should not be denied as moot because the subpoenas were improperly authorized without notice to the opposing party as required by Federal Rules of Civil Procedure 30(b)(1) and 45(a)(4). Petitioners' response to this order to show cause shall be filed no later than October 10, 2017.

IT IS SO ORDERED.